[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
One defendant in this case, Frederick Bilow, moves for summary judgment as to the first and third counts of the amended complaint.
The amended complaint contains four counts, but only the first and third are applicable to Bilow. The second and fourth counts pertain to another defendant, Joseph J. Mottes Co. The first count of the amended complaint claims, that the plaintiffs, Robert and Linda Tofolowsky, purchased a newly constructed house from Bilow on February 15, 1985; that during April 1995, more than ten years later, after the purchase they discovered that the foundation was deteriorating; that this determination constituted a breach of an implied warranty of merchantability and fitness. The third count reiterates these claims as to additional foundation damage discovered on August 19, 1999. This action was commenced by the plaintiffs against Bilow on April 25, 1997.
Bilow contends that this suit is barred by either of two potentially applicable statutes of limitations which govern causes of action for breach of warranty. The plaintiffs counter that the appropriate statute of limitations is that which governs product liability cases.
Summary judgment enters where the pleadings and materials submitted in conjunction with the motion show that no genuine dispute as to material fact exists and that the movant is entitled to judgment as a matter of law, P.B. § 17-49.
 I
Contrary to the plaintiffs' contention, the first and third counts of their amended complaint clearly set forth a claim of liability for breach of warranty rather than product liability. The last three paragraphs of each of these counts state that Bilow conferred such warranty as to the fitness of the foundation, that the plaintiffs relied on the warranty, and that Bilow breached the warranty by using concrete of poor quality to erect the foundation. CT Page 3858
The plaintiffs' attempt to characterize these allegations as product liability claims appears ingenuous. The second and fourth counts, pertaining to the other defendant, unambiguously set forth product liability claims against that defendant. In contrast, the counts against Bilow employ the word "warranty" and phrase "breached his warranty."
Because the counts applying to Bilow describe a cause of action for breach of warranty, the opportunity to pursue these counts is governed by the three year statute of limitations provided in General Statutes §47-121, as to building code violations, or the six year statute of limitations governing breaches of contract described in General Statutes § 52-576 (a). This suit against Bilow was begun more than twelve years after the house was conveyed to the plaintiffs. Both of these statutes of limitations run from the moment of the breach or at least by the date the property was conveyed to the plaintiffs, Beckenstein v.Potter Carrier, Inc., 191 Conn. 150, 158 (1983). Consequently, in either situation these statutes of limitations have expired, and Bilow is entitled to judgment as a matter of law.
 II
Alternatively, if the court were to construe the counts against Bilow as product liability claims, Bilow would still be entitled to judgment as a matter of law. From the documents accompanying this motion and the objection thereto, it is uncontroverted that Bilow was the general contractor who oversaw construction of the house which he sold to the plaintiffs. There is no allegation nor proof submitted that he participated in any other capacity.
In order for the plaintiffs to prevail on a product liability claim against Bilow, under General Statutes § 52-572n, it must be demonstrated that he was a "product seller" of the purportedly defective product, namely poor quality concrete. "Product seller" is defined in General Statutes § 52-572m(a) to mean a person "who is engaged in the business of selling such products whether the sale is for resale or for use or consumption."
There is no allegation or proof submitted that Bilow is engaged in the business of selling concrete. He sold a finished house to the plaintiffs. The court concludes on the basis of the documents submitted, that he cannot be regarded as being in the business of purveying concrete. As a matter of law, then, he cannot be a "product seller" as defined by § 52-572m(a), and cannot be liable under a product liability theory under § 52-572n. CT Page 3859
The motion for summary judgment on behalf of Bilow is granted.
Sferrazza, J.